It's all gone. Let me try it this way. You are a party to this case. Well, I am. Yes. All right. Are you an attorney? My name is Harrison Scott. Yes. We don't know who you are. Are you an attorney? And I'm with the bank, and I'm per se, in a way, and I'm attorney for the bank also. So I'm representing both myself, Johnny Crow, my daughter, Sharon, Shari, and the bank. And let me just say very shortly that actually the FDIC said we could almost submit this case on briefs. And really, I have to sort of agree with them, except for the fact that I— We're not interested in hearing about that. Okay. So is there an attorney here from Adams & Reese? No one's here from Adams & Reese, even though they wrote the briefs? All right. So you're representing to us that you are counsel of record and that as an attorney you are representing the Bank of Louisiana, yourself, Shari Scott, and Johnny Crow. Is that right? I'm having trouble, Judge. Okay. Well, I mean, I'll try— They did it before, and they worked fine, but this is not getting it. Do we have another set there, maybe? Yeah. You know how to operate this thing? Thank you. Thank you. You get old, you can't—oh, I can't hear myself. Too loud. Too loud. Thank you. All right. I think we're good. All right. All right. Go ahead with your argument. All right. All I'll say, Your Honor, is that Percy v. M.S.—Percy v. M.S. Protection Fund—anyhow, I know the case by heart. Percy. Are you talking about the letter that you filed? Yes. That case handles it, and that's simply the case that it binds up. The case says, in essence, that if you have an administrative hearing or administrative action, whether the case of violating something, that goes from the board of directors of the FDIC to a circuit court of appeals. However, if there's age discrimination involved, it does not go to the court of appeals. It goes to the United States District Court. And so in Perry, the case was, where do I appeal to? Do I appeal to the district court? Because I got both issues. I got the issue of violations, and I have the issue of age discrimination. And so Perry held that in that case, it does not go to the court of appeals. It goes to the district court. That's the end of that. There's a dissent in Perry, and the dissent says, no, you let the age discrimination go before the district court, and you let the violations go up to the court of appeals. Well, naturally, that is a dissent. But the case is that both cases go to the district court. And I really don't have much of an argument from there other than that if the Court has some questions or something. All right. Well, we'll hear from the other side then. Thank you.  Thank you. Ms. Vancia? Ms. Vancia? Good morning, and may it please the Court. My name is Minodora Vancia, counsel for the FDIC. The district court's decision should be affirmed for two reasons. First, Congress expressly provided by statute that no court shall have jurisdiction to affect the issuance or enforcement of a notice of charges or of an order issued by the FDIC, except as provided in Section 1818 of Title 12. Section 1818H2 provides that courts of appeals have exclusive jurisdiction to review and modify or set aside orders issued by the FDIC. The district court is not a court of appeals and, therefore, lacks jurisdiction to affect the enforcement of the orders issued by the FDIC in the two enforcement proceedings. Our second reason for affirmance is that even where there is not a statute expressly precluding jurisdiction in district court, there is also a presumption in favor of exclusive jurisdiction in the court of appeals, and that presumption can be rebutted by showing three factors, which have not been shown here. First, as to the first factor, there is a meaningful opportunity for review of the plaintiff's constitutional claims in the FDIC's enforcement proceedings. In fact, all of the claims raised in this case have been raised in the second enforcement proceeding, and they were addressed by the board, and then they were raised to this court on appeal by plaintiffs. Now, that case is on remand back to the agency because the Supreme Court has decided in Lucia that ALJs have to be appointed by the head of a department. So after Lucia, the FDIC's board, the head of its department, appointed the ALJs, and the agency, we asked the court to remand the case for a new hearing before the new ALJ, newly appointed ALJ, which is the remedy. So they even received already a remedy for the constitutional violation they alleged in the proper form on direct appeal, on direct review of the enforcement proceeding. And it's not only that some of the issues were not raised in the first enforcement proceedings, like the Lucia issue wasn't raised there, but it could have been raised just the way they raised it in the second one. That proceeding, the first enforcement proceeding, the order was issued, this court affirmed it, the Supreme Court denied certiorari, then the plaintiffs tried to ask this court to reopen it, but it had already been final, and this court denied the motion to reopen the first appeal that had been final in the first enforcement proceeding. But the point is that these issues were either raised in the enforcement proceedings or can be raised in the enforcement proceedings. The second factor is also not met. The claims in this case are not wholly collateral to the enforcement proceedings. In fact, because they were raised in the enforcement proceedings, they're by definition not collateral. I think some of the courts think that they struggle with what wholly collateral means. They think, well, it doesn't mean, as in Elgin, whether it's the vehicle to which a party seeks to invalidate the agency's proceeding. And Elgin said that, yes, when a lawsuit in district court is the vehicle to which somebody seeks to invalidate the agency's proceeding, then yes, it's not wholly collateral. So we would say that that would satisfy wholly collateral, and it's certainly met here, because they are seeking to declare the agency's proceedings unconstitutional. That's exactly what their complaint states, and the complaint is in the record. But we also agree that there are other ways to show that something is not wholly collateral. For instance, when the two proceedings involve similar issues or the same facts, then they would involve issues of collateral estoppel between each other on the decision of those facts. That's when it would not be wholly collateral and would involve the risk of duplicative proceedings and inconsistent decision-making. So I think either way you look at what is wholly collateral, we would meet that test. Counsel, if I recall correctly, in the Peekaboo case, some people call it that in the Supreme Court, the court did find that the lawsuit was wholly collateral to the enforcement proceeding. Could you distinguish that case for us? Yes. In that case, there was an investigation, just as here, but the investigation resulted in no sanction. So there was no pending enforcement proceeding or possible enforcement proceeding ever in which the plaintiffs can raise the issues they were raising. And the Supreme Court said, no, you cannot force somebody to go violate some regulation and have an enforcement proceeding against them. We don't want to force them to bet the farm. Unlike in Peekaboo, the investigation here did result in a notice of charges, and we now have an ongoing proceeding in which these issues have been raised or can be raised, so it cannot be wholly collateral. It's only when there is no possibility for somebody to raise the issue before the agency would it be wholly collateral. And I think it can happen when the agency does something without any hearing or without issuing an order that is subject to 1818H, so the person would have no avenue to have a direct review with this court. If I understand what you said, there's a second enforcement proceeding that has been remanded to the agency. Yes. In light of the Lucia issue. Yes, at the agency's request. At the agency's request. And in your view, will the bank be able to raise the claims that it's raising in this action in that second enforcement proceeding? Yes, and they actually have raised in the original. Before it was remanded, they were all raised. Including the age discrimination claim? Yes, and the board, as discussed in our brief, the FDIC board ruled on that issue, and they have the opportunity to appeal, to further address that on the briefs on appeal. Their complaint is they don't have enough discovery, right, in the agency proceeding. So, however, that is subject to appeal. If they believe the agency improperly denied recovery on direct review, it could be raised with this court, and if the court finds the need for more discovery, it could send for more. And that's what Elgin says, too, because the same issue as well. Do you get enough discovery in agency proceedings? And Elgin said, yes, because the Court of Appeals can always remand for more if it needs more. Would you mind addressing the letter that was filed, I guess, was it yesterday, a couple of days ago? The letter brief that mentions the Perry v. Merit Systems Protection Board. Are you in receipt of this letter? I briefly glanced at it. It was filed after I had left for New Orleans, so I didn't get it while I was at work. I did briefly glance at it. I think it's discussed in our response to their motion for remand. I think I would say Perry involved different statutes that are issued here, and I think they involve, if I recall correctly, I'm sorry, employment discrimination. And there are specific statutes there that provide different courts with different jurisdictions for how to deal with those issues, but they don't involve our statute. So there would be no basis to conclude that Congress directed that FDIC's issues of age discrimination should be decided in a different forum. Age discrimination is no different than the other constitutional issues they raise that the courts have found are subject to agency review. Finally, on the third factor, the agency's expertise. In addressing the discrimination claim, it's clear that one part of addressing the discrimination claim would have to look at whether the agency would have taken the action anyway, even regardless of the discrimination that the Supreme Court and this Court has held, that even when there might be a discriminatory motive in undertaking an action, if the action would have been taken anyway, then it's not unconstitutional. And for that reason, part of addressing the discrimination claim would have to look, does the agency have legitimate reasons for taking the notice of charges and imposing sanctions? And part of that obviously involves the agency's expertise. And in Elgin, the Supreme Court said that if one of the constitutional claims involves the agency's expertise, even if not all of them do, because arguably the Lucia issue, under Elgin, even the Lucia issue, they would consider it probably would the agency's expertise. But let's say we take a pure view. On some of the constitutional issues, they might not involve the agency's expertise. But if one of them has it under Elgin, then the district court lacks jurisdiction in those situations. If there are no further questions, we ask that you affirm the decision of the district court. All right. Thank you, Ms. Vance. Mr. Scott, do you have any rebuttal? I'd like to say that Perry addresses all of that, and that the argument or the insinuation that isn't apropos because it deals with MSPR is not valid because if you use that logic, Lucia found that the administrative law judge wasn't constitutionally appointed. Well, Lucia was against SEC. This is a case involving the FDIC, so you'd have to follow the same rule. The FDIC administrative law judges are validly appointed, whereas the ones in the SEC are not. Well, they're both the same. And so everybody agrees to that. So the issue is age discrimination issues, not what court you're in or whether you're, say, an employee or what you are. And that's about it. All right. Thank you, Mr. Scott. Your case and all of today's cases are under submission, and the Court is in recess under the usual order. Pretty short, this one.